Gordon W. Renneisen (SBN 129794)
Paul J. Byrne (SBN 190860)
CORNERSTONE LAW GROUP
575 Market Street, Suite 3050
San Francisco, CA 94105
Telephone:  (415) 625-5025
Facsimile:    (415) 655-8236
grenneisen@cornerlaw.com
pbyrne@cornerlaw.com

Attorneys for Plaintiffs and all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| BRENDA LEERAR and SAMANTHA ROBMAN on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WOW AIR EHF,<br><br>Defendant. | CASE NO.<br><br>CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT<br><br><br><br>DEMAND FOR JURY TRIAL |

CLASS ACTION COMPLAINT

## NATURE OF THE ACTION

1. This is a class action lawsuit asserting breach of contract claims. The Action is brought by and on behalf of California residents who had confirmed reservations on airplane flights with defendant WOW AIR EHF ("WOW Air"), an Icelandic corporation.

2. WOW Air promised – and contractually bound itself – to provide compensation in accordance with Regulation No. 261/2004 of the European Parliament and European Council ("Regulation (EC) 261/2004" or "Regulation 261") to passengers whose flights were delayed or cancelled.

3. WOW Air has incorporated Regulation 261's provisions regarding compensation for delayed and cancelled flights into its contacts, specifically referencing Regulation 261 in its U.S. Customer Service Plan and its Conditions of Carriage. As more fully described below, and as incorporated into WOW Air's contracts, Regulation (EC) 261/2004 requires WOW Air to pay not less than €600 to each passenger whose flight is cancelled or is delayed by more than four hours; and to pay €300 to each passenger whose flight is delayed by more than three, but less than four, hours.

4. Each named plaintiff, and each member of a class of similarly situated persons, was a passenger on a WOW Air flight that was cancelled or delayed by more than three hours. WOW Air has breached its obligations to the named plaintiffs, and to a class of similarly situated passengers, by failing to make the payments required by Regulation (EC) 261/2004 as incorporated into WOW Air's contracts.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C § 1332(a)(2). The matter in controversy exceeds the sum or value of $75,000 for the class. The dispute is between the members of a class, each of whom is a citizen of a State, and defendant WOW Air, which is a citizen of a foreign state.

6. Venue is proper pursuant to 28 U.S.C. § l39l. Plaintiff and class representative Brenda Leerar resides in the judicial district. Defendants are conducting

business in the judicial district, and a substantial part of the events or omissions giving rise to the claims at issue occurred in the judicial district.

7. Assignment to the San Francisco Division is proper pursuant to Civil Local Rules 3-2(c) and 3-2(d) because Plaintiff and class representative Brenda Leerar resides in Marin county; and a substantial part of the events or omissions which give rise to the claims at issue occurred in San Francisco county.

## THE PARTIES

8. Plaintiff Brenda Leerar is, and at all relevant time was, a citizen of the State of California residing in Marin County, California. Plaintiff Leerar had a confirmed reservation on a WOW Air flight from San Francisco, California to Reykjavik, Iceland; and the flight was cancelled.  Plaintiff Leerar also had a confirmed reservation on a WOW Air flight from Reykjavik, Iceland to San Francisco, California; and the flight was delayed for more than three hours.

9. Plaintiff Samantha Robman is, and at all relevant time was, a citizen of the State of California residing in Los Angeles County, California. Plaintiff Robman had a confirmed reservation on a WOW Air flight from Los Angeles, California to Reykjavik, Iceland; and the flight was cancelled and/or delayed for more than three hours.

10. Defendant WOW Air, is a foreign corporation and is a citizen of a foreign state.  WOW Air has its principal place of business in Reykjavik, Iceland.  Plaintiffs are informed and believe, and based thereon allege that, WOW Air is incorporated in Iceland. WOW Air is registered to do business in the State of California.  At all relevant times, WOW Air has actively solicited and transacted business in the State of California and in this judicial district.

## WOW AIR'S CONTRACTS AND ITS BUSINESS IN CALIFORNIA

11. Since approximately January of 2016 WOW Air has been selling tickets for flights from San Francisco and Los Angeles to Keflavik International Airport in

Reykjavik, Iceland.   Since approximately January of 2016 WOW Air also has been selling tickets for flights from Reykjavik to San Francisco and Los Angeles.

12.     WOW Air has been flying passengers back and forth between California and Iceland since June of 2016.  While some of these passengers intended to travel to, and/or were issued tickets to, final destinations outside of Iceland, each passenger flying out of California on a WOW Air flight was scheduled to land in Reykjavik.  This Complaint does not distinguish between passengers who flew (or were scheduled to fly) to Reykjavik as a final destination and those who flew (or were scheduled to fly) to Reykjavik before continuing on to some other location. Likewise, this Complaint does not distinguish between passengers who flew (or were scheduled to fly) directly from Reykjavik to California and those who began their journeys elsewhere but flew (or were scheduled to fly) to Reykjavik enroute to California.  All WOW Air passengers flying (or scheduled to fly) from California to Reykjavik, or from Reykjavik to California, at any time between June 1, 2016 and that date that a class is certified in this action are referred to herein as "California Passengers."

13.     WOW Air has, through the terms of its own contracts, obligated itself to provide compensation to California Passengers whose flights are cancelled or delayed; and has obligated itself to provide such compensation in accordance with Regulation (EC) 261/2004.

14.     As confirmed by WOW Air's U.S. Customer Service Plan (the "Plan"), WOW Air's contracts obligate it to provide compensation to California Passengers whose flights are cancelled or delayed "in accordance with Regulation (EC) 261/2004 and our U.S. Contract of Carriage."

15.      WOW Air's U.S. Customer Service Plan by its own terms "applies only to [WOW Air] scheduled flights that depart from or arrive at a U.S. airport." The Plan in part states,

> While we will always strive to ensure that all of our flights depart according to schedule, unfortunately due to the nature of the aviation industry, it is possible that delays may occur from time to time. In

3

CLASS ACTION COMPLAINT

the event of a cancellation or delay, we will do our utmost to rebook passengers on our next available flight to their destination and provide other accommodations to mitigate passenger inconveniences. Any compensation or associated costs incurred will be reimbursed in accordance with Regulation (EC) 261/2004 and our U.S. Contract of Carriage.

16. Additional contractual terms are set forth in WOW Air's "Conditions of Carriage," which WOW Air sometimes also refers to as the "U.S. Contract of Carriage."

17. Article 9.2.2 of WOW Air's Conditions of Carriage states, "In case of a flight cancellation, flight change, flight delay or denied boarding, Carrier offers assistance and compensation to the concerned passengers according to the Regulation EC 261/2004 and 14 CFR 250.5, as applicable." As used in Article 9.2.2, and as defined by Article 1.2.1(a) of WOW Air's Conditions of Carriage "'Carrier' stands for WOW air."

18. Copies of WOW Air's current Conditions of Carriage and its U.S. Customer Service Plan are attached hereto as, respectively, Exhibits A and B. These documents – and/or other, substantively-identical versions of them – have been in effect at all relevant times.

**REGULATION (EC) 261/2004**

19. A copy of Regulation (EC) 261/2004 is attached hereto as Exhibit C.

20. Regulation 261, Article 5.1(c) requires that,

> In case of cancellation of a flight, the passengers concerned shall … have the right to compensation by the operating air carrier in accordance with Article 7, unless:
> (i) they are informed of the cancellation at least two weeks before the scheduled time of departure; or
> (ii) they are informed of the cancellation between two weeks and seven days before the scheduled time of departure and are offered re-routing, allowing them to depart no more than two hours before the scheduled time of departure and to reach their final destination less than four hours after the scheduled time of arrival; or
> (iii) they are informed of the cancellation less than seven days before the scheduled time of departure and are

4

CLASS ACTION COMPLAINT

        offered re-routing, allowing them to depart no more
than one hour before the scheduled time of departure
and to reach their final destination less than two hours
after the scheduled time of arrival.

21.    Regulation 261, Article 5 further provides,

        2. When passengers are informed of the cancellation, an
explanation shall be given concerning possible alternative transport.

        3. An operating air carrier shall not be obliged to pay
compensation in accordance with Article 7, if it can prove that
the cancellation is caused by extraordinary circumstances
which could not have been avoided even if all reasonable
measures had been taken.

        4. The burden of proof concerning the questions as to
whether and when the passenger has been informed of the
cancellation of the flight shall rest with the operating air carrier.

22.    Regulation 261, Article 7 in turn provides,

        1. Where reference is made to this Article, passengers shall
receive compensation amounting to:
(a) EUR 250 for all flights of 1 500 kilometres or less;
(b) EUR 400 for all intra-Community flights of more than
1 500 kilometres, and for all other flights between 1 500
and 3 500 kilometres;
(c) EUR 600 for all flights not falling under (a) or (b).
In determining the distance, the basis shall be the last destination
at which the denial of boarding or cancellation will delay
the passenger's arrival after the scheduled time.

        2. When passengers are offered re-routing to their final
destination on an alternative flight pursuant to Article 8, the
arrival time of which does not exceed the scheduled arrival
time of the flight originally booked
(a) by two hours, in respect of all flights of 1 500 kilometres
or less; or
(b) by three hours, in respect of all intra-Community flights of
more than 1 500 kilometres and for all other flights
between 1 500 and 3 500 kilometres; or
(c) by four hours, in respect of all flights not falling under (a)
or (b),
the operating air carrier may reduce the compensation
provided for in paragraph 1 by 50 %.

5

CLASS ACTION COMPLAINT

> 3. The compensation referred to in paragraph 1 shall be paid in cash, by electronic bank transfer, bank orders or bank cheques or, with the signed agreement of the passenger, in travel vouchers and/or other services.
>
> 4. The distances given in paragraphs 1 and 2 shall be measured by the great circle route method.

23. The distance from San Francisco to Keflavik International Airport in Reykjavik, Iceland exceeds 3,500 Kilometers. The distance from Los Angeles to Keflavik International Airport in Reykjavik, Iceland exceeds 3,500 Kilometers

24. The terms and scope of the Regulation (EC) 261/2004 provisions relating to the compensation of passengers, and establishing obligations that WOW Air has voluntarily and contractually assumed, have been definitively interpreted in decisions of the European Court of Justice.  The relevant decisions, some of which are discussed below, were issued prior to the time that WOW Air began entering into contracts with or regarding California Passengers; and have been in effect at all relevant times.

25. In *Wallentin-Hermann v Alitalia-Linee Aeree Italiane SpA* (Case No. C-549/07, Judgment of December 22, 2008) ("*Wallentin-Hermann*"), the European Court of Justice held,

> Article 5(3) of Regulation No 261/2004 must be interpreted as meaning that a technical problem in an aircraft which leads to the cancellation of a flight is not covered by the concept of 'extraordinary circumstances' within the meaning of that provision, unless that problem stems from events which, by their nature or origin, are not inherent in the normal exercise of the activity of the air carrier concerned and are beyond its actual control.
>
> *Wallentin-Hermann* at ¶34.

26. In the joined cases of *Sturgeon v Condor Flugdienst GmbH* and *Bock v Air France* (Case Nos. C-402/07 and C-432/07, Judgment of November 19, 2009) (collectively "*Sturgeon*"), the European Court of Justice again addressed the concept of "extraordinary circumstances."  *Sturgeon* reiterates the holding  that an air carrier may

6

CLASS ACTION COMPLAINT

not invoke the "extraordinary circumstances" exception to avoid paying compensation in accordance Regulation 261, Article 7 unless the "problem stems from events which, by their nature or origin, are not inherent in the normal exercise of the activity of the air carrier concerned and are beyond its actual control." *Sturgeon* at ¶70.

27. *Sturgeon* holds that this rule applies whether the air carrier seeks to invoke the "extraordinary circumstances" exception in connection with "the cancellation of a flight" or "in the case of flight delay." *Id*. at ¶¶70-71.

28. *Sturgeon* also expressly holds that the terms of Regulation 261 must be interpreted to give passengers on delayed flights, not only passengers on cancelled flights, a right to compensation under Article 7. *Id*. at ¶¶44-60. *Sturgeon* concludes,

> [P]assengers whose flights are delayed may rely on the right to compensation laid down in Article 7 of Regulation No 261/2004 where they suffer, on account of such flights, a loss of time equal to or in excess of three hours, that is to say when they reach their final destination three hours or more after the arrival time originally scheduled by the air carrier.

*Sturgeon* at ¶61.

29. This conclusion was reconfirmed by the European Court of Justice in the joined cases of *Nelson v Deutsche Lufthansa AG* and *TUI Travel plc et al v Civil Aviation Authority* (Case Nos. C-581/10 and C-629/10l, Judgment of October 23, 2012 (collectively "*Nelson*"). The Ruling of the Court in *Nelson* states, "Articles 5 to 7 of Regulation (EC) No 261/2004 … must be interpreted as meaning that passengers whose flights are delayed are entitled to compensation under that regulation where they suffer, on account of such flights, a loss of time equal to or in excess of three hours … ."

30. In addition, *Nelson* holds,

> [T]he fixed compensation provided for in Article 7 of Regulation No 261/2004 enables a loss of time suffered by passengers to be redressed without their having to prove that they have sustained individual damage. That measure therefore ensures a high level of protection for air passengers, as sought by that regulation.

7

CLASS ACTION COMPLAINT

> Given that the loss of time suffered is irreversible, objective and easily quantifiable … the measure granting all the passengers affected by that inconvenience immediate fixed pecuniary compensation is particularly appropriate.

*Nelson* at ¶¶74-75.

31.     Pursuant to Regulation (EC) No 261/2004, as incorporated into WOW Air's contracts, the right that passengers on delayed or cancelled flights have to compensation under Article 7 is separate from any other right to assert claims for damages, based on individualized proof, on separate causes of action.  (Article 12.1 provides, "This Regulation shall apply without prejudice to a passenger's rights to further compensation. The compensation granted under this Regulation may be deducted from such compensation.")

32.     This action asserts only class-wide breach of contract claims for compensation due under Regulation (EC) No 261/2004, as incorporated into WOW Air's contracts.

**ADDITIONAL FACTS REGARDING THE NAMED PLAINTIFFS**

33.     Plaintiff Brenda Leerar purchased a ticket for a WOW Air flight from San Francisco, California to Reykjavik, Iceland.

34.     Plaintiff Leerar had a confirmed reservation on WOW Air Flight 162. Flight 162 was scheduled to depart from San Francisco on June 17, 2016 at 12:50 Pacific Daylight Time.  (All times referenced in this Complaint are stated based on a 24-hour clock.) Flight 162 was scheduled to arrive in Iceland on June 18, 2016 at 4:10 Greenwich Mean Time.

35.     WOW Air cancelled Flight 162 on the day it was scheduled to depart. The cancellation was not the result of extraordinary circumstances.  WOW Air put Plaintiff Leerar and the other passengers who were supposed to be on Flight 162 on a different flight.  That flight did not arrive in Iceland until June 19, 2016 at 7:00 GMT. The actual arrival time thus exceeded the scheduled arrival time for Flight 162 by approximately 27 hours.

8

CLASS ACTION COMPLAINT

36.     Plaintiff Leerar also purchased a ticket for a WOW Air flight from Reykjavik, Iceland to San Francisco, California.

37.     Plaintiff Leerar had a confirmed reservation on WOW Air Flight 161. Flight 161 was scheduled to depart from Iceland on June 26, 2016 at 15:50 GMT. Flight 161 was scheduled to arrive in San Francisco on June 26, 2016 at 17:55 PDT. Plaintiff Leerar timely presented herself for check in on Flight 161.

38.     On the day that Flight 161 was scheduled to depart, WOW Air announced that the Flight would be delayed.  Flight 161 took off late and arrived in San Francisco sometime after 21:05 PDT on June 26, 2016.   Plaintiff Leerar recorded Flight 161's arrival time as 21:55 PDT. The actual arrival time for Flight 161 exceeded the scheduled arrival time for Flight 162 by approximately four hours – and, at a minimum, by more than three hours.  In sum, with respect to Flight 161, there was a delay in excess of three hours that was not the result of extraordinary circumstances.

39.     On or about June 28, 2016 Plaintiff Leerar wrote to WOW Air requesting, among other things, compensation under Regulation (EC) 261/2004 in connection with the cancellation of Flight 162 and the delay of Flight 161. That same day she received a reply from WOW Air stating, "Thank you for submitting your claim … . This is an automated response. The processing of claims can take up to 4-8 weeks. … We do appreciate your patience and will get back as soon as possible."   WOW Air never provided any further response.

40.     In breach of its contractual obligations, WOW Air has not paid compensation to Plaintiff Leerar in accordance with Regulation (EC) 261/2004.

41.      Plaintiff Samantha Robman purchased a ticket for a WOW Air flight from Los Angeles, California to Reykjavik, Iceland.

42.     Plaintiff Robman had a confirmed reservation on WOW Air Flight 174. Flight 174 was scheduled to depart from Los Angeles June 21, 2016 at 12:40 PDT. Flight 174 was scheduled to arrive in Iceland on June 22, 2016 at approximately 4:00 GMT.  Plaintiff Robman timely presented herself for check in on Flight 174.

43. On the day that Flight 174 was scheduled to depart, WOW Air announced that the Flight would be delayed. Flight 174 did not depart from Los Angeles until June 22, 2016 at 3:30 PDT. Flight 174 did not arrive in Iceland until June 22, 2016 at approximately 18:30 GMT. The actual arrival time exceeded the scheduled arrival time for Flight 174 by approximately 14 hours. In sum, with respect to Flight 174, there was a delay in excess of three hours that was not the result of extraordinary circumstances.

44. On or about June 24, 2016 Plaintiff Robman wrote to WOW Air requesting compensation for this delay. That same day she received a reply from WOW Air stating, "Thank you for submitting your claim … . This is an automated response. The processing of claims can take up to 4-8 weeks. … We do appreciate your patience and will get back as soon as possible." WOW Air never provided any further response.

45. In breach of its contractual obligations, WOW Air has not paid compensation to Plaintiff Robman in accordance with Regulation (EC) 261/2004.

## CLASS ALLEGATIONS

46. Plaintiffs bring this action as a class action pursuant to the Federal Rules of Civil Procedure, Rule 23(a) and Rule 23(b)(3).

47. The class which plaintiffs seek to represent (the "Class") consists of all passengers flying (or scheduled to fly) on WOW Air from California to Reykjavik, or from Reykjavik to California, at any time between June 1, 2016 and the date that a class is certified in this action; where,

    a. The passenger had a confirmed reservation on a flight operated by WOW Air;

    b. The passenger or the person purchasing the ticket for the passenger resided in California at the time the ticket was purchased;

    c. The flight was cancelled, or delayed for at least three hours, for a reason other than extraordinary circumstances;

    d. The passenger was informed of the delay or cancellation less than seven days before the scheduled time of departure and was not offered rerouting,

10

CLASS ACTION COMPLAINT

1  allowing them to depart no more than one hour before the scheduled time of departure
2  and to reach their final destination less than two hours after the scheduled time of
3  arrival; and

4        e.    WOW Air has not provided the passenger with compensation in
5  accordance with Regulation (EC) 261/2004 or has failed to pay the passenger all
6  amounts due under Regulation 261.

7      48.    Specifically excluded from the Class are the officers, directors, employees
8  and agents WOW Air; WOW Air itself and any entity in which WOW Air has a
9  controlling interest; WOW Air's affiliates, legal representatives, and assigns; any
10 attorney representing WOW Air, plaintiffs, or the Class in this action; and any judge or
11 other judicial officer presiding over this action, as well as the staff and immediate
12 family of any such judge or judicial officer.

13     49.    Plaintiffs and all members of the Class ("Class Members") are similarly
14 situated. WOW Air, pursuant to the terms its own contracts, was obligated to pay each
15 Class Member compensation for delayed or cancelled flights in accordance with
16 Regulation (EC) 261/2004. With respect to each Class Member, WOW Air failed to
17 make these payments.

18     50.    Certification of the Class is proper under Federal Rule of Civil Procedure
19 23(a) because, as more fully stated below, the Class is so numerous that joinder of all
20 members is impracticable; the claims of the representative plaintiffs are typical of the
21 claims of the Class; the representative plaintiffs will fairly and adequately protect the
22 interests of the Class; and there are questions of law or fact common to the Class. In
23 addition, certification of the Class is proper under Federal Rule of Civil Procedure Rule
24 23(b)(3) because, as more fully stated below, questions of law or fact common to all
25 Class Members predominate over any questions affecting only individual Class
26 Members; and a class action is superior to other available methods for fairly and
27 efficiently adjudicating the claims at issue.

28

11

CLASS ACTION COMPLAINT

51.     *Numerosity*.  The members of the Class are so numerous that joinder of all Class Members is impracticable.  While the exact number of Class Members is unknown to plaintiffs at this time, the number and identities of Class members can easily be determined from the records of WOW Air.  Plaintiffs are informed and believe and based thereon allege that there many hundreds of persons in the Class.

52.     *Typicality*.  Plaintiffs are members of the Class and their claims are typical of the claims of the Class Members.   Plaintiffs and the Class Members have all been similarly affected by WOW Air's breach of contract and by its failure to provide Regulation 261 compensation for cancelled and delayed flights as required by its contracts.

53.     *Adequacy*.  Plaintiffs are ready and able to fairly and adequately protect the interests of the Class Members.  Plaintiffs have retained counsel who have the skill and experience to effectively prosecute this action on behalf of the Class.

54.      *Common Questions*.  Common questions of law and fact exist as to all Class Members. These common questions include, but are not limited to, the following.

a.     Whether WOW Air incorporated Regulation (EC) 261/2004's provisions regarding compensation for delayed and cancelled flights into its contracts.

b.      Whether WOW Air voluntarily undertook to, or otherwise obligated itself to, provide compensation to Class Members on cancelled flights in accordance with Regulation (EC) 261/2004.

c.     Whether Regulation (EC) 261/2004, as incorporated into WOW Air's contracts, must be interpreted as meaning that passengers whose flights are delayed for more than three hours are entitled to compensation under Article 7 of Regulation 261.

d.     Whether WOW Air voluntarily undertook to, or otherwise obligated itself to, provide such compensation for Class Members whose flights are delayed for more than three hours.

CLASS ACTION COMPLAINT

e. Whether breach of contact claims may be asserted against WOW Air for failure to provide compensation to passengers on delayed or cancelled flights in accordance with Regulation (EC) 261/2004.

55. *Predominance.* These common questions predominate over any questions that affect only individual members of the Class. This is so, in part, because as incorporated into WOW Air's contracts, "Regulation No 261/2004 seeks to redress damage in an immediate and standardized manner." *Sturgeon* at ¶51. Further, Article 7 of Regulation 261, as incorporated into WOW Air's contacts, "enables a loss of time suffered by passengers to be redressed without their having to prove that they have sustained individual damage." *Nelson* at ¶74.

56. *Superiority.* A class action is superior to other available means for the fair and efficient adjudication of this controversy because joinder of all members of the Class is impractical; and class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual Class Member are relatively small, the expense of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them. Such individual litigation also would impose unnecessary burdens on the court system; and would present the potential for inconsistent or contradictory judgments. There will be no difficulty in the management of this action as a class action.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

57. Plaintiffs reallege and incorporate all of the preceding paragraphs as though fully set forth in this cause of action.

58. With respect to each Class Member, WOW Air entered into a contract that, by its terms, obligated WOW Air to provide compensation for delayed or cancelled flights in accordance with Regulation (EC) 261/2004.

59. Each such contract was supported by the sums paid to WOW Air as the purchase price for the Class Member's ticket and/or by other consideration.

60. Each Class Member has performed any duties imposed on him or her by any WOW Air contract, or has been excused from performing such duties.

61. With respect to each Class Member, WOW Air has a committed breach of contract by failing to pay the Class Member compensation due under Regulation (EC) 261/2004, as incorporated into WOW Air's contracts.

62. Each Class Member has been denied a payment to which he or she was entitled and has been damaged by WOW Air's breach of contact.

63. Plaintiffs on behalf of themselves and all Class Members seek recovery for WOW Air's breach of its own, self-imposed undertakings; and pray for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for relief as follows:

1. For an order determining that this action may be maintained as a class action and certifying the Class;

2. For damages according to proof;

3. For prejudgment and post-judgment interest as allowed by law;

4. For attorneys' fees pursuant to California Code of Civil Procedure §1021.5, or as otherwise requested by plaintiffs and/or their counsel and allowed by law;

5. For litigation expenses and costs of suit; and

6. For all other relief which the Court shall deem just and equitable.

Dated: October 18, 2016

/s/ Gordon Renneisen
Gordon W. Renneisen
CORNERSTONE LAW GROUP

Attorneys for Plaintiffs and all others similarly situated

## JURY DEMAND

Plaintiffs demand trial by jury.

Dated: October 18, 2016

/s/ Gordon Renneisen
Gordon W. Renneisen
CORNERSTONE LAW GROUP

Attorneys for Plaintiffs and all others similarly situated

15

CLASS ACTION COMPLAINT